**In re John Coffey VIVIAN, Margaret Vivian, Debtors.**

**Bankruptcy No. 91–15399–BKC–AJC**

United States Bankruptcy Court,
S.D. Florida.

Dec. 8, 1992.

Brad I. Schandler, Coral Gables, FL, for debtors.

Raymond V. Miller, Jr., Kaufman, Miller, Dickstein & Grunspan, Miami, FL, for NationsBank of North Carolina, N.A.

## ORDER ON LETTER FROM JOHN C. VIVIAN DATED DECEMBER 3, 1992 AND MARKED "IMPORTANT" AND DETERMINING ROGUE COMPUTER IN CIVIL CONTEMPT

A. JAY CRISTOL, Bankruptcy Judge.

On December 7, 1992, the court received a letter from John C. Vivian referring to the Bankruptcy Case of John Coffey Vivian and Margaret Vivian, as above numbered. The court will treat the letter as a motion to determine the NationsBank computer in contempt of this court.

Following the entry of discharge in bankruptcy to John Coffey Vivian and Margaret Vivian, NationsBank sent them a dunning letter on a debt which had been discharged. The court set the matter on an order to show cause and the court's order was taken quite seriously by NationsBank. The bank went to the expense of flying a high executive from North Carolina to Miami to appear and testify that the letter was sent in error and the court was satisfied that no intentional violation of the injunction had occurred. The NationsBank computer had generated the notice and NationsBank wrote a letter of apology to the Vivians and proceeded to appropriately chastise their computer and directed it not to send anymore notices to the Vivians.

Only a month went by and the Vivians received a computer generated document from the bank which contained the words, "Please make checks payable to NationsBank and remit with top part of this statement to". Never mind that the document also showed no balance due and no payment due date, the Vivians were annoyed. It appearing to the court that this was not an intentional act of any human at NationsBank but rather the rampage of a rogue computer, the court entered an order on December 3, 1992, docketed December 4,

1992 (C.P. No. 18) suggesting that counsel for the bank communicate with the bank and the Vivians and try and make clear that this was not an intentional violation and it would not happen again.

Lo and behold, another month rolled around and that rogue computer did it again. The account statement showing no balance due and no date to make payment was mailed on NationsBank's red, white and blue stationery (also containing some shades of gray and black print) to Mr. and Mrs. Vivian.

It is this final document that has truly established, beyond any reasonable doubt, that Mr. and Mrs. Vivian have no sense of humor and no gratitude whatsoever for the court's prior efforts on their behalf. They have, in their letter of December 3, queried "May I ask a question? Why can't you or your Court get these *continuing and very annoying letters STOPPED*." (The question mark was omitted by the Vivians, not by the court but the court understood what they meant.) The Vivians were so annoyed that they went on to threaten that perhaps they should write to their family friend, a very well known, renowned and respected federal judge, about this serious matter. They then went on to say "May I hear from you or your secretary by return mail?". It is apparent that the Vivians are mad as you know what and they are not going to take it anymore. Likewise, this court is mad as you know what and is not going to take it anymore. Accordingly, and pursuant to Federal Rule of Bankruptcy Procedure 9020, the court determines the Nations-Bank computer to be in civil contempt of this court. Upon consideration, it is

ORDERED that the NationsBank computer, having been determined in civil contempt, is fined 50 megabytes of hard drive memory and 10 megabytes random access memory. The computer may purge itself of this contempt by ceasing the production and mailing of documents to Mr. and Mrs. Vivian.

DONE and ORDERED.